WHITEFORD, TAYLOR & PRESTON L.L.P.
444 Madison Avenue, Fourth Floor
New York, NY 10022
(914) 761-8400
klewis@wtplaw.com
Kenneth M. Lewis

WHITEFORD, TAYLOR & PRESTON L.L.P.
1800 M Street, N.W., Suite 450N
Washington, DC 20036
(202) 836-8465
jleon@wtplaw.com
Jeffrey S. Leon (pro hac vice motion to be filed)

*Attorneys for Plaintiff, SRI Energy LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SRI ENERGY LLC<br><br>                             Plaintiff,<br><br>- against -<br><br>CLEAN ENERGY NEXUS LLC,<br><br>                             Defendant. | Case No. 22-cv-10431<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, SRI Energy LLC ("SRI"), by and through its attorneys, Whiteford, Taylor & Preston L.L.P., brings this complaint for breach of contract, an accounting, and a declaratory judgment, against Defendant, Clean Energy Nexus LLC ("CEN") and, in support, states as follows:

1. This lawsuit revolves around a breach of a Joint Development Agreement ("JDA") between SRI and CEN relating to the development of certain solar energy production projects. (*See* Exhibit 1, attached hereto.)

2. SRI was to be paid certain milestone payments at intervals and amounts specified

in the JDA.  Despite numerous demands for payment, CEN has defaulted on making the final milestone payment.

3. In addition, the JDA provided for SRI and CEN to split cost savings on projects. CEN has defaulted on paying costs savings on one project and has refused to provide an accounting on another project developed under the JDA.

4. Accordingly, SRI brings this lawsuit to recover the unpaid milestone and cost savings payments specified in the JDA and to compel CEN to provide an accounting of cost savings on projects for which it has refused to do so.

## THE PARTIES

5. Plaintiff, SRI, is a Michigan Limited Liability Company with its principal place of business in Novi, Michigan. The sole member of SRI is Prasad Gullapali, a Michigan resident.

6. SRI was at all relevant times and remains a clean energy technology company with design and development capabilities that provides turnkey solar energy solutions for utility, commercial and industrial customers.

7. Defendant, CEN, is a Delaware LLC with its principal place of business in Houston Texas. CEN bills itself as a "solar integrator" which CEN describes as "bringing together each piece of the puzzle to bring a solar project to operational status." CEN markets projects to industrial customers financed by tax equity investors.

## VENUE AND JURISDICTION

8. This Court has jurisdiction pursuant to 28 USC Section 1332 because there is complete diversity of citizenship among the parties and the amount in controversy is in excess of $75,000.

9. Venue is proper in this judicial district as Section 13.3 of the JDA specifies that that

JDA "and any dispute arising in connection with [the JDA] shall be governed and construed in accordance with the laws of the State of New York" while Section 11.4 specifies that "[a]ny action, suit or proceeding arising out of, under or in connection with [the JDA] shall be brought and determined in an appropriate federal or state court in the State of New York in the County of New York, Borough of Manhattan."

## THE JDA

10. CEN and SRI signed the JDA on February 20, 2019.

11. CEN had "obtained certain rights to develop, build, and operate certain solar projects" including the Medtronic Juncos solar project in Puerto Rico.

12. Pursuant to the JDA, SRI was to be the Developer of the projects governed by the JDA, including the Juncos Medtronic project.

13. Pursuant to the JDA, for each such project that broke ground, SRI was to be paid for its services via "milestone payments" in amounts and at intervals specified in Section 3.1(b) of the JDA.

14. There are three milestone payments specified in the JDA for each project. At project acceptance, SRI was owed a milestone payment of 20% of the acquisition fee of the project. The acquisition fee of the Juncos Medtronic project was $8,202,367.

15. SRI was paid the initial project acceptance milestone payment of $150,212 on May 20, 2019. SRI was also paid $50,000 on June 5, 2019.

16. The second milestone payment specified in the JDA is the "NTP Payment" (short for "notice to proceed"). When the notice to proceed is issued, the JDA requires CEN to pay SRI 40% of the project acquisition fee.

17. On August 30, 2019, SRI received the NTP Payment milestone in the amount of

$300,424.

18. The last milestone payment specified in Section 3.1(b) is the "Final Payment" which is "due within five (5) business days of the earlier of i) three (3) months after Substantial Completion Payment; ii) Commercial Operation as defined by the power purchase agreement, or; iii) Final Completion as defined by the EPC Agreement." The Final Payment is to be in the amount of 40% of the Acquisition Fee.

19. The JDA also provides for SRI to receive a payment of 50% of "the all-in cost-savings from the All-in Project Costs" which is a payment due at the completion of each project.

20. "All-in Project Cost" is a defined term in the JDA, and it is defined to mean "all costs associated with the development, construction, procurement, legal, accounting, interest and any other expenses associated with cost of delivering the project to completion."

21. The JDA also provides for CEN to pay interest to SRI at the "(Federal Funds overnight rate as published in the Wall Street Journal) accrued from the date the amount was due until the date it is paid" if CEN fails to make payment within 5 days of being invoiced.

## CEN BREACHES ITS PAYMENT OBLIGATIONS TO CEN FOR THE MEDTRONIC JUNCOS SOLAR PROJECT

22. One of the projects developed under the JDA was a factory rooftop solar array for medical device manufacturer Medtronic in Juncos, Puerto Rico ("Medtronic project").

23. The Medtronic project was successfully completed, and a final invoice from SRI was to CEN was transmitted on November 2, 2020. (*See* Exhibit 2, attached hereto.)

24. Pursuant to that invoice, a final milestone payment of $268,564 was due to SRI under the JDA.

25. The invoice also provided a calculation of the All-in Cost Savings from the Juncos project, and specified that SRI's 50% share of the All-in Cost Savings is $1,306,466.50.

4

26. CEN failed to make payment of the invoice within 5 days of receipt.

27. SRI has made numerous demands for payment of the invoice and CEN has refused to do so, claiming it needs to wait until the Medtronic project is sold.

28. CEN's payment obligations under the JDA are not conditioned upon the sale of any given project.

### CEN BREACHES ITS PAYMENT OBLIGATIONS TO CEN FOR THE MEDTRONIC JUNCOS SOLAR PROJECT

29. The Selectos Venus Gardens Project in Puerto Rico ("Selectos") was also developed and put into operation pursuant to the JDA. The Selectos Project was sold by SRI to CEN pursuant to a Membership Interest Purchase Agreement ("MIPA") dated November 27, 2019. (Attached as Exhibit 3, hereto.)

30. The projects transferred to CEN via the MIPA were developed under the terms of the JDA, and the projects purchased by CEN pursuant to the MIPA were part of "the respective roof-mounted solar photovoltaic electrical generation project[s] further described in the Joint Development Agreement [] between the Parties effective the 20th day of February 2019."

31. Unlike the Medtronic Project, CEN made all the JDA required milestone payments under the terms of the JDA for the Selectos project.

32. However, CEN has refused demands to provide SRI an accounting of the All-in Project Costs of the Selectos project so that SRI can issue an invoice for its 50% share of any All-in Project Cost savings.

### CAUSES OF ACTION

### COUNT I
### (BREACH OF THE JDA CONCERNING THE MEDTRONIC PROJECT)

33. SRI refers to an incorporates all prior paragraphs as if fully stated herein.

34. SRI has fully performed all of its obligations and conditions precedent under the JDA with regard to the Medtronic project.

35. CEN has refused to pay SRI the final milestone payment and SRI's 50% share of the All-in Project Cost savings for the Medtronic project as required by the JDA.

WHEREFORE, SRI prays for relief as follows:

a) an award of damages for breach of the final milestone payment in the amount of $268,564;

b) an award for damages for breach of the payment of the All-in Project Cost savings payment in the amount of $1,306,466.50;

c) an award of contractual interest in the amount of the Overnight Federal Funds rate as published in the Wall Street Journal running from at least November 2, 2020;

d) an award of fees and costs under the contract and applicable law; and

e) any further relief as may be just and authorized under the law.

## COUNT II
### (ACTION FOR AN ACCOUNTING OF ALL-IN PROJECT COSTS FOR THE SELECTOS PROJECT)

36. SRI refers to and incorporates all prior paragraphs as if fully stated herein.

37. The Selectos project was completed, and it was completed under the terms of the JDA.

38. CEN has refused SRI's request to provide an accounting of the All-in Project Costs of the Selectos project, so that Sri can determine whether it is entitled to a payment of 50% of such All-in Project Costs Savings.

39. SRI is unable to quantify whether it is entitled to an All-in Project Cost savings payment for the Selectos project without such an accounting.

40. Equity demands that CEN be required to provide such an accounting so that the terms of the JDA can be implemented.

WHEREFORE, SRI prays for relief as follows:

a) an order that CEN provide all relevant books and records so that an accounting can be made of the All-in Costs of the Selectos project;

b) an award for damages for breach of the payment of the All-in Project Cost savings payment in the amount of 50% of the All-in Project Cost Savings identified from the accounting;

c) an award of contractual interest on the All-in Cost Savings payment in the amount of the Overnight Federal Funds rate as published in the Wall Street Journal running from the date Selectos became operational 2020;

d) an award of fees and costs under the contract and applicable law; and

e) any further relief as may be just and authorized under the law.

## COUNT III
## (DECLARATORY JUDGMENT OF CEN'S OBLIGATION MAKE A PAYMENT TO SRI OF 50% OF THE ALL-IN PROJECT COSTS FOR THE SELECTOS PROJECT)

41. SRI refers to and incorporates all prior paragraphs as if fully stated herein.

42. There is a live and actual controversy between the Parties as to whether CEN is obligated to make payment to SRI of 50% of the All-in Project Cost Savings for the Selectos project.

43. On November 30, 2022, CEN CEO Joaquin Altenberg wrote SRI CEO Prasad Gullapali an email stating that "the MIPA states we are to pay 'in accordance with the milestone Acquisition Fees as detailed in Section 3.1(b) of the JDA.' We have paid you ahead of these milestones schedules and have fully met our obligations." (*See* Exhibit 4, attached hereto.)

7

44. SRI maintains, as set forth herein, in the MIPA, and in the various communications between the Parties, that the Selectos project was incorporated fully into the terms of the JDA which includes the All-Project Cost savings payment.

45. Because there is a live justiciable dispute between the Parties as to the meaning of the MIPA, the JDA, and the relationship between the MIPA and the JDA, SRI seeks a declaratory judgment pursuant to the Declaratory Judgment Act finding that the All-in Project Cost savings payment is due and payable to SRI for the Selectos Project.

WHEREFORE, SRI prays for relief as follows:

a) a declaration that the MIPA was made subject to the JDA;

b) a declaration that the All-in Project Cost Savings payment is due and owing to projects developed by CEN and SRI that were transferred to CEN as part of the MIPA;

c) a declaration that CEN owes SRI 50% of any All-in Project Cost savings for the Selectos project, plus contractual interest, and any costs and fees authorized by law; and

d) such further relief that is just and authorized by law.

[Remainder of page intentionally left blank.]

**JURY DEMAND**

46.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, SRI respectfully requests that all issues and claims be tried before a jury.

Dated: New York, New York
       December 9, 2022

WHITEFORD, TAYLOR & PRESTON L.L.P

By: */s/ Kenneth M. Lewis*
      Kenneth M. Lewis

444 Madison Avenue, Fourth Floor
New York, NY 10022
(914) 761-8400
klewis@wtplaw.com


WHITEFORD, TAYLOR & PRESTON L.L.P.
1800 M Street, N.W., Suite 450N
Washington, DC 20036
(202) 836-8465
jleon@wtplaw.com
Jeffrey S. Leon (pro hac vice motion to be filed)

*Attorneys for Plaintiff, SRI Energy LLC*