UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
SRI ENERGY, LLC,                                        :
                                                        :
                                Plaintiff,              :          22-CV-10431 (JMF)
                                                        :
                -v-                                     :          ORDER
                                                        :
CLEAN ENERGY NEXUS LLC,                                 :
                                                        :
                                Defendants.             :
                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        Plaintiff SRI Energy LLC brings this action against Defendant Clean Energy Nexus LLC,

invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship.  *See* 28

U.S.C. § 1332.  Plaintiff alleges that it is a Michigan limited liability company and that its

principal place of business is in Michigan, and that it has one member, a Michigan resident.  *See*

ECF No. 1 ("Complaint"), ¶ 5.  It alleges that Clean Energy Nexus LLC is a Delaware limited

liability company and that its principal place of business is in Houston, Texas.  *See id.* ¶ 7.

        It is well established that a limited liability company ("LLC") is deemed to be a citizen of

each state of which its members are citizens.  *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*,

213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-

756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of

Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its

members).  Thus, a complaint premised upon diversity of citizenship must allege the citizenship

of natural persons who are members of an LLC and the place of incorporation and principal

place of business of any corporate entities that are members of the LLC (including the

citizenship of any members of the LLC that are themselves LLCs).  *See Handelsman*, 213 F.3d at

51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010).  Additionally, a party's citizenship, including the citizenship of LLC members, "must be affirmatively pled."  *Prospect Funding Holdings, LLC v. Fennell*, No. 15-CV-4176 (LLS), 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015); *see also Flemming v. Port Auth. of New York & New Jersey*, No. 21-CV-1112 (BMC), 2021 WL 878558, at *1 (E.D.N.Y. Mar. 9, 2021) ("It is not enough to allege, in conclusory fashion, that none of a[n] LLC[] [party's] members are citizens of the same state as [the opposing party].").

In the present case, the Complaint fails to affirmatively plead the citizenship of each member of Plaintiff and Defendant.  For purposes of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship."  *Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996); *see Canedy v. Liberty Mut. Ins. Co.,* 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship.") .

Accordingly, it is hereby ORDERED that, on or before **December 30, 2022**, Plaintiff shall amend its Complaint to affirmatively allege the citizenship of each constituent person or entity comprising itself and Defendants.  If, by that date, Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to any party.

SO ORDERED.

Dated: December 12, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge

2