# WHITEFORD, TAYLOR & PRESTON L.L.P.

444 MADISON AVENUE, FOURTH FLOOR
NEW YORK, NY 10022

TELEPHONE (914) 761-8400

KENNETH M. LEWIS
PARTNER
KLewis@wtplaw.com

DELAWARE*
DISTRICT OF COLUMBIA
KENTUCKY
MARYLAND
MICHIGAN
NEW YORK
PENNSYLVANIA
VIRGINIA

WWW.WTPLAW.COM
(800) 987-8705

December 23, 2022

*Application GRANTED. The Clerk of Court is directed to terminate ECF No. 8.*

*SO ORDERED.*

The Honorable Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

*[signature]*

*December 27, 2022*

  Re: *SRI Energy LLC vs. Clean Energy Nexus LLC*
    <u>Case No. 1:22-cv-10431-JMF</u>

Dear Judge Furman:

  We are counsel to Plaintiff, SRI Energy, LLC ("<u>SRI</u>").

  On December 12, 2022, this Court, *sua sponte*, issued an order requiring SRI to "amend its complaint [by December 30, 2022] to affirmatively allege the citizenship of each constituent person or entity comprising itself and Defendants." [Doc. No. 7 at 2] This court stated that "[i]f by that date, Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the complaint will be dismissed for lack of subject matter jurisdiction without further notice to any party." *Id.*

  Pursuant to this letter motion, SRI respectfully requests that the Court enter an order enabling SRI to conduct jurisdictional discovery to determine the citizenship of the members of Defendant, Clean Energy Nexus LLC ("<u>CEN</u>"), and to extend SRI's time to amend its complaint until 14 days following the conclusion of such discovery.

  CEN is a Delaware LLC and it is only registered to do business in Delaware. SRI conducted a good faith investigation prior to the filing of the complaint and was unable to locate information about CEN's members because Delaware does not require an LLC to file information about its members. Plaintiff, however, had no reason to believe that CEN had any members domiciled in Michigan and in fact believes that CEN's sole connection to Michigan is its business relationship with SRI.

  Because there is no publicly available information as to the identity of CEN's members, SRI cannot comply with this Court's order without being permitted to undertake extremely limited jurisdictional discovery. Where a plaintiff "has been unable to unearth non-public

December 23, 2022
Page 2

information about every defendants' baroque ownership structure . . . . courts commonly grant jurisdictional discovery." *Tutor Perini Bldg. Corp. v. New York City Reg'l Ctr., LLC*, No. 20 CIV. 731 (PAE), 2020 WL 7711629, at *3 (S.D.N.Y. Dec. 29, 2020). "[C]ourts generally require that plaintiffs be given an opportunity to conduct discovery on these jurisdictional facts, at least where the facts, for which discovery is sought, are peculiarly within the knowledge of the opposing party". *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004). *See also Caren v. Collins*, 689 F. App'x 75, 76 (2d Cir. 2017) (summary order) (remanding for district court, "following whatever additional proceedings it deems necessary, to supplement the record with findings as to the citizenship of each of the parties" where complaint did "not allege the citizenship of the individual defendants who are alleged to have been members of the limited partnership"); *Burlington Ins. Co. v. MC&O Masonry, Inc.*, No. 17-CV-02892, 2018 WL 3321427, at *3 (E.D.N.Y. July 5, 2018) (granting jurisdictional discovery to ascertain defendant LLCs' membership information that was not publicly available).

Here, Plaintiff has been diligent, having ordered reports from a variety of entity databases including the Delaware and Texas Secretaries of State, Hylind, and TLO. Courts frequently permit jurisdictional discovery when a Plaintiff has run into such an informational black hole. *Compare Napoli-Bosse v. Gen. Motors LLC*, No. 18 Civ. 1720 (MPS), 2018 WL 11193187, at *1 (D. Conn. Nov. 27, 2018) ("If, after a diligent effort, the plaintiffs are unable to determine the citizenship of each member of GM LLC, they may file a motion requesting limited jurisdictional discovery from the defendant to establish the existence of minimal diversity between the parties."); *Burlington Ins. Co. v. MC&O Masonry, Inc.*, No. 1:17-CV-02892 (FB) (SMG), 2018 WL 3321427, at *3 (E.D.N.Y. July 5, 2018) (granting application for limited jurisdictional discovery where a party had made "diligent efforts to discover the identity and citizenship of the LLC members" of another party for jurisdictional purposes, and where counsel made a "good faith representation that the necessary information [was] not publicly available"). To hold otherwise would permit the numerous Delaware LLC's to immunize themselves from diversity jurisdiction by virtue of Delaware's entity friendly, low information, filing requirements.

Nor is there a burden here to ordering such jurisdictional discovery. CEN knows who its members are, and where they are located. Should those members also have members, CEN knows or can easily discovery the domicile of those members of members. And since SRI and its sole member are both domiciled in Michigan, unless one of CEN's members (or members of members) is domiciled in Michigan, diversity jurisdiction will be confirmed by the jurisdictional discovery. And, based on Plaintiff's pre-complaint investigation, there is no factual reason to believe that CEN has any members with a Michigan domiciliary. As to the timing of the return of such discovery, CEN is in the process of being served, and it has time to appear following service. Accordingly, SRI requests an order that requires CEN to:

(1)   Identify its members and their domiciles/states of incorporation;

(2)   Identify members of CEN's members if CEN's members are themselves LLC's, including the identity of those sub members' domiciles/states of incorporation,

December 23, 2022
Page 3

       and to continue the process of identifying the members until real persons are found; and

(3)    That such information be furnished to SRI within 30 days of CEN's date of service.

SRI further requests that such order extends SNI's time to file an amended complaint until 14 days following CEN's furnishing of the foregoing information.

Thank you for your consideration.

                                          Respectfully yours,

                                          */s/ Kenneth M. Lewis*

                                          Kenneth M. Lewis