```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                                                      :
SRI ENERGY LLC,                                                       :
                                                                      :
                              Plaintiff,                              :      22-CV-10431 (JMF)
                                                                      :
                  -v-                                                 :      MEMORANDUM OPINION
                                                                      :      AND ORDER
CLEAN ENERGY NEXUS LLC,                                               :
                                                                      :
                              Defendant.                              :
                                                                      :
----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

As explained below, Defendant Clean Energy Nexus LLC ("CEN") and Joaquin Altenberg, CEN's Chief Executive Officer, are hereby held in contempt of Court. More specifically:

- CEN is fined **$100 per day for each day** that it continues to fail to comply with the Court's December 27, 2022 Order requiring jurisdictional discovery, ECF No. 9, the requirements of which are explained further below; and

- if CEN does not provide the relevant information within fourteen days of service of this Memorandum Opinion and Order, **the Court will issue an arrest warrant for Altenberg and he will be arrested and brought before this Court in New York, New York, by the U.S. Marshals Service.**

To be clear, CEN and Altenberg need not retain counsel to comply with the Court's Orders and avoid further fines and/or arrest. (As noted in the Court's prior Orders, CEN may ultimately appear in court only through counsel admitted to practice in this Court; but CEN and Altenberg do not need to retain counsel to provide the required jurisdictional discovery.) Put differently, **Altenberg can avoid arrest and halt the fines very easily**: by providing jurisdictional discovery in accordance with the Court's December 27, 2022 Order — that is, by providing SRI's counsel, by email or otherwise, "(1) [the identity of CEN's] members and their domiciles/states of incorporation; [and] (2) [the identity of] members of CEN's members if CEN's members are themselves LLC's [sic], including the identity of those sub members' domiciles/states of incorporation," and "continu[ing]

the process of identifying the members until real persons [or corporate entities] are found." ECF No. 9. That is all that is required at this stage.

## BACKGROUND

Plaintiff SRI Energy LLC ("SRI") filed this lawsuit against CEN invoking the Court's diversity jurisdiction. *See* ECF No. 1. On December 12, 2022, the Court entered an Order noting that SRI's Complaint did not adequately allege the existence of complete diversity. *See* ECF No. 7. In light of that Order, SRI sought, and on December 27, 2022, the Court granted, limited jurisdictional discovery. *See* ECF No. 9. Pursuant to the Court's December 27, 2022 Order, CEN was required, within thirty days of service of the Order, to provide certain limited information to SRI's counsel — namely, to "(1) [i]dentify its members and their domiciles/states of incorporation; [and] (2) [i]dentify members of CEN's members if CEN's members are themselves LLC's, including the identity of those sub members' domiciles/states of incorporation, and to continue the process of identifying the members until real persons [or corporate entities] are found." *Id.* at 2-3. On January 31, 2023, SRI served a copy of the Court's December 27, 2022 Order on Altenberg, CEN's Chief Executive Officer, by email. *See* ECF No. 16. SRI's counsel "never received a response." *Id.*

In April 2023, after Defendant failed to appear or respond, SRI moved for entry of a default judgment and the Court scheduled a show cause hearing for May 2, 2023. *See* ECF Nos. 22, 25. On the morning of the hearing, the Court entered an Order directing SRI to "be prepared to address whether the Court has authority to grant default judgment given the uncertainty with respect to subject-matter jurisdiction." ECF No. 28. As the Court noted, the Supreme Court's decision in *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701-02 (1982), suggests, if not holds, that a court may *not* assume *subject-matter* jurisdiction based on a party's

2

failure to comply with jurisdictional discovery.  The Court's Order also cited *System Technologies Resources, Inc. v. United Vision Solutions, LLC,* No. 16-CV-30138, 2020 WL 263555 (D. Mass. Jan. 17, 2020), in which, under similar circumstances, the court had held the defendant's principals in contempt for failure to comply with jurisdictional discovery, "issued warrants for their arrest so that they could be brought to the courthouse to be deposed," and, after they were deposed, found subject-matter jurisdiction existed.

Defendant failed to appear at the show cause hearing on May 2, 2023.  Later the same day, the Court ordered CEN to show cause on June 6, 2023, "why it should not be held in CONTEMPT for its failure to comply with the jurisdictional discovery ordered by this Court, *see* ECF No. 9, and served by Plaintiff."  ECF No. 29.  The Court's second May 2, 2023 Order warned in no uncertain terms: "If Defendant fails to appear on that date (or to comply with the jurisdictional discovery prior to that date), **the Court will hold Defendant in contempt of Court and issue an arrest warrant directing that Defendant's principal be brought before the Court.**"  *Id.*  On May 4, 2023, the Court's Order was served on Altenberg by email.  *See* ECF No. 30.  On May 10, 2023, SRI's counsel filed a certificate of service, which among other things, contains an affidavit from a process server attaching an email from Altenberg from his CEN email account stating that the Order "has been received and I was not aware of this in its entirety.  I shared some information with an attorney who was to reach out to [SRI's] attorney.  I will get to the bottom of this."  *See* ECF No. 31-1.

Nevertheless, CEN and Altenberg failed to appear as ordered at the conference held on June 6, 2023.  As further proof that Altenberg was well aware of the conference, SRI's counsel submitted to the Court a chain of emails with Altenberg, in which SRI's counsel repeatedly informed Altenberg of the Court's Orders and cautioned that Altenberg was required to appear at the hearing.  To the extent relevant here, Altenberg stated in response: "We simply cannot afford an attorney and

3

cannot afford to defend ourselves in this matter. I will check with the court to see if I can attend virtually, I understand I cannot represent the business pro se." ECF No. 32-2. Altenberg did not, however, contact the Court in any way, shape, or form. During the hearing, the Court tried calling Altenberg on the cellphone number listed in the email, but the call went to voicemail; the Court left a voicemail emphasizing the gravity of the situation and noting that it would issue an Order in due course.

## DISCUSSION

It is well established that the Court "has the inherent power to hold a party in civil contempt in order to enforce compliance with an order of the court or to compensate for losses or damages." *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir. 1981) (per curiam) (internal quotation marks omitted). A party "may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (internal quotation marks omitted). An order is "clear and unambiguous" when it "leaves no uncertainty in the minds of those to whom it is addressed." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) (internal quotation marks omitted); *cf. Latino Officers Ass'n City of N.Y., Inc. v. City of New York*, 558 F.3d 159, 164 (2d Cir. 2009) (noting that "a contempt order is a potent weapon that is inappropriate if there is a fair ground of doubt as to the wrongfulness of the defendant's conduct" (cleaned up)). The burden of proving noncompliance is on the party seeking the sanction. *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002).

In light of these standards, and the facts set forth above, the Court has no choice but to, and

4

does, hold CEN and Altenberg in contempt of Court.  First, the orders CEN and Altenberg failed to comply with were clear and unambiguous.  Indeed, they were repeatedly and explicitly warned not only of the Court's orders, but of the results of non-compliance.  Indeed, it is evident from Altenberg's own statements that he understood the Court's orders.  Nor are the second and third elements in reasonable dispute.  This is not a case in which determining compliance is difficult or requires parsing ambiguous efforts at compliance.  Altenberg has not made *any* effort to identify the members of the LLC and his own statements indicate that he is not engaging with this lawsuit.  There has been no attempt, diligent or otherwise, to comply with the Court's orders.

## CONCLUSION

As noted above, CEN is hereby fined **$100 per day for each day** that it continues to fail to comply with the Court's December 27, 2022 Order requiring jurisdictional discovery, beginning one day after it is served this Memorandum Opinion and Order.  **If CEN does not provide the relevant information within fourteen days of service of this Memorandum Opinion and Order, the Court will issue an arrest warrant for Altenberg and he will be arrested and brought before this Court in New York, New York, by the U.S. Marshals Service.  SRI's counsel shall advise the Court of any material developments, including CEN's compliance (or attempted compliance) with the Court's orders, within one business day.**

As noted above, CEN's purported inability to afford counsel is no excuse for non-compliance as CEN and Altenberg need not retain counsel to comply with the Court's Order and avoid incurring additional fines and/or arrest.  While a corporate entity may appear in federal court only through counsel, *see Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (per curiam), Altenberg does not need to file a notice of appearance or even communicate with this Court to avoid arrest — he may simply email or otherwise communicate the identities of the LLC members in

question to SRI's counsel.

Altenberg should also be aware of the *Pro Se* Law Clinic in this District, which assists parties in civil cases who do not have lawyers. The Clinic may be able to provide him with advice in connection with this case. The *Pro Se* Law Clinic is run by a private organization called the New York Legal Assistance Group; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the *Pro Se* Intake Unit). The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York, in Room LL22, which is just inside the Pearl Street entrance to that Courthouse. Under normal circumstances, the Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed. An unrepresented party can make an appointment by visiting the Clinic's website at https://www.nysd.uscourts.gov/attorney/legal-assistance or by calling (212) 659-6190.

Should Altenberg wish to communicate with the Court, as he indicated in his email, he must communicate through the *Pro Se* Intake Unit by either (1) emailing the communication as an attachment in PDF format to Temporary_Pro_Se_Filing@nysd.uscourts.gov (for instructions, see https://nysd.uscourts.gov/forms/instructions-filing-documents-email); or (2) mailing the communication to the *Pro Se* Intake Unit, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007. Given the limited time available, Altenberg is encouraged to use email. No documents or court filings should be sent directly to Chambers. Copies of correspondence between a *pro se* party and counsel shall not be sent to the Court.

No later than **June 9, 2023**, SRI shall serve a copy of this Memorandum Opinion and Order on CEN and Altenberg through both (1) certified mail and (2) email and file proof of such service on the docket. The email to Altenberg should include the following statement: "Attached is a

Memorandum Opinion and Order entered by the United States District Court for the Southern District of New York holding CEN and you in contempt of court. Per the Court's Memorandum Opinion and Order: CEN is being fined $100 dollars per day as long as it continues to fail to provide previously ordered jurisdictional discovery; if CEN does not provide the relevant information within fourteen days, the Court will issue an arrest warrant for you and you will be arrested and brought before the Court in New York, New York, by the U.S. Marshals Service. The Court's Memorandum Opinion and Order explains how you may avoid arrest and halt the fines." SRI shall file proof of service on the docket by **June 12, 2023**. SRI is also encouraged to notify CEN and Altenberg of this matter through any additional practicable means, including text, telephone call, prior counsel, and the like.

SO ORDERED.

Dated: June 8, 2023
      New York, New York

                                              JESSE M. FURMAN
                                         United States District Judge